J-A33024-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  ERSKINE BREWSTER | : | IN THE SUPERIOR COURT OF |
| KINGSBURY CALDERON, INTERVIVOS | : | PENNSYLVANIA |
| TRUST | : | |
| | : | |
| APPEAL OF:  WAYNE J. CALDERON | : | |
| AND ERSKINE B. CALDERON | : | No. 1249 EDA 2014 |

Appeal from the Order Entered March 26, 2014,
in the Court of Common Pleas of Philadelphia County,
Orphan's Court at No(s):  1134 IV of 2013

BEFORE:  LAZARUS, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 23, 2015**

Wayne J. Calderon and Erskine B. Calderon (Appellants) appeal *pro se* from an order which sustained the preliminary objections filed by William R. Strecker and Jayne B. Poole (Appellees).  This order also dismissed with prejudice Appellants' petition, which is succinctly entitled, "Petition for citation to compel William R. Strecker and Jayne B. Poole to re-register 1,520 shares of Kingsbury, Inc. capital stock from Erskine B.K. Calderon Credit Shelter and Marital Deduction Trusts in equal parts to Erskine B. Calderon, Wayne J. Calderon, and Matthew M. Calderon, the lineal descendants of Erskine B.K. Calderon or show cause why they should not be compelled to re-register said stock" (the petition).  In addition, Appellees have filed in this Court a motion to dismiss the appeal and a motion for the imposition of sanctions against Appellants pursuant to Pa.R.A.P. 2744.  We deny Appellees' motions and affirm the order of the orphans' court.

_____
* Retired Senior Judge assigned to the Superior Court.

The orphans' court summarized the background underlying this matter as follows.

*Introduction*

The petition filed by two children of decedent Erskine Brewster Kingsbury Calderon ("Erskine, Sr.") raises the issue of whether the President/CEO and the Corporate Secretary of Kingsbury, Inc. should be compelled to re-register to [Appellants] 1,520 shares of Kingsbury, Inc. capital stock that had been transferred to the trustees of two trusts: the Erskine B.K. Calderon Marital Trust and Erskine B.K. Calderon Credit Shelter Trust. [Appellants] claim that this stock should be re-registered to them as the lineal descendants of their deceased father based on a November 1, 1965 Option to Purchase Agreement/Restrictive Covenant with Kingsbury Machine Works, Inc. (hereinafter "November 1, 1965 Agreement"). [Appellees filed preliminary objections to the petition, arguing that the petition should be dismissed because Appellants failed to join indispensable parties to the action and because the petition fails to state a viable cause of action.]

*Factual Background*

At the time of his death, [Appellants] allege that their father, Erskine, Sr. owned 1,520 shares of capital stock in Kingsbury, Inc. Erskine, Sr. died on August 16, 2008 in Clyde County, North Carolina. He had been married to Diana Calderon for 32 years and he resided at 626 Dundee Lane, Holmes Beach, Florida. The founder of the Kingsbury Company was the decedent's grandfather, Dr. Kingsbury, who had five children. On April 26, 1965, Erskine, Sr. received 100 shares of Kingsbury stock from the trustee of his mother Elisabeth's trust. On October 5, 1976, Erskine, Sr. directed Kingsbury to register his 100 shares in the name of "Erskine B. Calderon Trustee U/D/T of Erskine B. Calderon dated 9/30/76." On January 23, 1992, Kingsbury reissued the 100 shares in the name of "Erskine B. Calderon" at his request. Nearly three years later, on June 16, 1995, these 100 shares of stock split 4-1, so that Erskine, Sr. owned 400 shares. Erskine[, Sr.] shortly thereafter directed Kingsbury to register these 400 shares in in name of "Erskine B.K. Calderon, as Trustee of the Erskine B.K. Calderon Living Trust U/A dated 5/31/95." On December 31, 2001, these 400

shares split again 4-1, so that Erskine, Sr. then owned 1600 shares. On December 6, 2005, Erskine[, Sr.] gave 10 of these 1600 shares to Matthew Calderon and Wayne Calderon. Erskine, Sr. retained 1,590 shares in the name of Erskine B. Calderon, as trustee of the Erskine B.K. Calderon Living Trust U/A 5/31/95.[] In March 2008, Erskine, Sr. gave another 70 shares of stock to his sons Matthew Calderon and Wayne Calderon, leaving 1,520 shares in his name as trustee of the Erskine B. Calderon Living Trust.

Following Erskine Sr.'s death, [Appellees] note, at the direction of Mrs. Calderon's attorney, decedent's 1,520 shares were divided and transferred on May 29, 2009 to two trusts identified in decedent's living trust: 581 shares were registered to Diana L. Calderon as trustee of the Erskine B.K. Calderon Marital Trust (hereinafter "Marital Trust"); 939 shares were registered to Diana L. Calderon and Matthew Calderon as to Co-Trustees of the Erskine B.K. Calderon Credit Shelter Trust (hereinafter "Credit Shelter Trust"). On January 3, 2011, Kingsbury re-registered the stock at the request of Mrs. Calderon's attorney with 874 shares to be held by the trustees of the Credit Shelter Trust and 646 shares to be held by the trustee of the Marital Trust.

[Appellants] failed to attach any of these trust documents to their petition, although the caption of their pleading is "Erskine Brewster Calderon, Intervivos Trust" and they acknowledge these facts in their answer without objection to the preliminary objections. Instead of these trust documents, Appellants premise their claim to the shares of Kingsbury stock exclusively on [the] November 1, 1965 Agreement between Erskine R. Calderon as well as other holders of capital stock of Kingsbury Machine Works and Kingsbury Machine Works.…

Orphans' Court Opinion, 3/27/2014, at 1-2 (footnotes omitted).

As we mentioned above, Appellees filed preliminary objections to the petition. In pertinent part, pursuant to Pa.R.C.P. 1028(a)(5), Appellees contended that the orphans' court lacked subject matter jurisdiction and could not grant relief to Appellants because Appellants failed to join

necessary and indispensable parties to this action. Specifically, Appellees asserted that necessary parties to the action include the Marital Trust, the Credit Shelter Trust, Diana Calderon, and Matthew Calderon. In addition, pursuant to Pa.R.C.P. 1028(a)(4), Appellees argued that the orphans' court should dismiss the petition because it failed to state a cognizable claim against Kingsbury, Inc. In this regard, Appellees maintained that the November 1, 1965 Agreement did not create an ownership right for Appellants in the disputed stock.

After Appellants responded to the preliminary objections, the orphans' court sustained the objections that we discussed above and dismissed the petition with prejudice. The court provided an opinion in support of its decision. Appellants timely filed a notice of appeal.[1] Appellees later filed in this Court a motion to dismiss the appeal and a motion for the imposition of sanctions against Appellants pursuant to Pa.R.A.P. 2744.

In their brief to this Court, Appellants ask us to consider the following questions:

> 1. Did the [orphans' c]ourt err or otherwise abuse its discretion in its interpretation of the 1965 Agreement that the Option to Purchase was conditional to a Stockholder's "wish to sell" stock?
>
> 2. Did the [orphans' c]ourt err in holding that the option to purchase was personal to the signatories of the November 1, 1965 Agreement and did not render the Erskine B.K. Calderon's lineal descendants the successors in interest to the Capital Stock owned by him?

---

[1] Pa.R.A.P. 1925(b) is not implicated in this case.

Appellants' Brief at 5 (suggested answers and unnecessary capitalization omitted).

The orphans' court's opinion makes clear that it sustained the preliminary objections and dismissed Appellants' petition on two grounds: The petition failed to state a viable cause of action, and Appellants failed to join indispensable parties. As Appellees point out in their motion to dismiss and in their appellate brief, Appellants' brief to this Court fails to address the orphans' court's decision to sustain the preliminary objection regarding Appellants' failure to join indispensable parties.

Appellants carry the burden to persuade us that the orphans' court erred and that the error entitles them to relief. *See Commonwealth v. Claffey*, 80 A.3d 780, 787 (Pa. Super. 2013) ("It is, of course, an appellant's burden to persuade us the trial court erred and relief is due."). By failing to address one of the independent grounds pursuant to which the orphans' court dismissed this action, Appellants have failed to meet this burden.[2] For this reason, we affirm the orphans' court's order.[3]

---

[2] In their reply brief and their response to Appellees' motion to dismiss, Appellants seem to contend that, because they are the rightful owners of the disputed stock, they are implicitly challenging the conclusion of the orphans' that they failed to join indispensable parties. In other words, Appellants believe that, because they own the stock, Appellees are irrelevant to this action. Appellants' peculiar argument puts the cart before the horse. Appellants claim ownership to stock that currently is held by others under a claim of right; therefore, they must bring an action against the present holders of the stock and others with an interest in the litigation. Appellants' brief fails to address the decision of the orphans' court to dismiss the petition because Appellants failed to join such parties to the action.

Order affirmed. Motion to dismiss denied. Motion for sanctions denied.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2015

---

[3] Furthermore, we agree with the interpretation of the orphans' court of the November 1, 1965 Agreement. Orphans' Court Opinion, 3/27/2014, at 3-6. A proper interpretation of that document, particularly the paragraph entitled "Option of Stockholders or of Corporation to Purchase Stock," reveals that it did not vest Appellants with an ownership interest in the disputed stock.

We also note that, while Appellants' appeal ultimately fails, we do not believe that the appeal requires any sanction pursuant to Pa.R.A.P. 2744. Accordingly, we deny Appellees' motion for sanctions.